IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 90-CR-546 |
| v. ) | |
| ) | JUDGE DAVID H. COAR |
| ERIC PEREZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Eric Perez ("Defendant" or "Perez") was found guilty by a jury for for his involvement in a conspiracy to distribute cocaine. He has since been released from custody and, apparently, has satisfied the supervisory release requirements placed upon him at his September 25, 1996 sentencing before this Court. Defendant was also assessed a $8,300 fine, of which approximately $1000 of the principal and $3,600 in interest remain.[1] Now before this Court is Defendant's motion to waive all interest on the fine assessed at his sentencing. (Doc. No. 112.)

**1.     Statement of the Law**

This Court has only limited authority to reconsider such an assessment made at sentencing, and may do so only pursuant to a specific rule or statute. *See U.S. v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).

---

[1] For purposes of calculating the remaining interest and principal, this Court is limited to the record, which contains only a Case Inquiry Report dated January 7, 2008. (Def.'s Mot. Attach. A.) These figures have surely changed in the intervening months, and where appropriate this Court will attempt to account for such change.

The parties have debated this Court's authority to reconsider the interest owed under several sections, particularly 18 U.S.C. § 3573. However, Defendant's motion ultimately relies on 18 U.S.C. § 3612(f)(3). (*See* Def.'s Mem. in Supp. at 5.) According to this section, a court may modify interest owed if it "determines that the defendant does not have the ability to pay," in which case "the court may (A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." 18 U.S.C. § 3612(f). The question on which this case ultimately turns is whether or not the section grants courts the ability to reconsider interest after sentencing, or whether that authority only exists at sentencing.

Evidence that the section is applicable post-sentencing can first be gleaned from the text of the section itself, which does not contain a single word limiting the scope of judicial authority to the time of sentencing. *See* 18 U.S.C. § 3612. In addition, this Court looks to the language and design of the statute as a whole as well as the specific provision at issue. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313 (1988). Here we find more evidence that post-sentencing application was envisoned: the title of the section, "Collection of Unpaid Fine or Restitution," suggests applicability after sentencing, or at the very least does not limit the authority it provides to any specific period; Chapter 229 of the Federal Criminal Code, in which § 3612 is found, is titled "Postsentence Administration"; the other subchapters of Chapter 229 discuss issues of probation and imprisonment that are clearly post-sentencing concerns; and Chapter 227, which purports to cover sentencing matters, contains little discussion of the manner in which interest is to be assessed. All of these factors suggest that

application of 18 U.S.C. § 3612(f)(3) was not solely intended to be a matter of sentencing, limited to a particular date.

The Government does little to contradict these textual cues, except to say that Defendant wrongly argues that § 3612 is exclusively focused on post-sentencing issues. (*See* Gov't's Surreply.)  First of all, this argument was not made by Defendant, though some of his statements seem to direct us toward that conclusion.  Second, the Government's attempt to contradict this argument by pointing out subsections within § 3612 that concern "sentencing, not post-sentencing matters" is unavailing; (f)(1) imposes interest automatically and (f)(2) provides for its computation, both of which could be deemed either sentencing or post-sentencing matters.  In any event, at best the Government has show that, despite its title, Chapter 229 addresses matters related to *both* sentencing and post-sentencing administration.  In light of the lack of relevant language within the section itself, and the fact that it is found within a chapter concerning "Postsentence Administration," this assertion completely fails to limit the scope of § 3612's application.

The Government was granted leave to file a surreply in order to address Defendant's discussion of legislative intent in § 3612.  In that filing, the Government discusses the section's legislative history at some length in an attempt to show that it is to be applied only at the time of sentencing. (*See generally* Gov't's Surreply.)  However, as stated above the section text in its full context is not sufficiently ambiguous so as to warrant recourse to legislative history.  *See Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1547-48, 79 L.Ed.2d 891 (1984).

Even if the text in and around § 3612 could be viewed as ambiguous, this Court agrees with Defendant's Response to the Surreply and finds that the legislative history introduced by

the Government fails to contradict our interpretation.  The Government is unable to show any express indication that the legislature sought to preclude post-sentencing application of 18 U.S.C. § 3612.  At best, the arguments advanced are circumstantial and speculative, and cannot outweigh the more direct and weighty evidence provided by the textual indicators listed above.

Cases that attempt to answer this question are scarce, and therefore it is not surprising that the citations in the record are for the most part unsatisfying.  With all due respect, this Court chooses not to follow the non-binding ruling of *U.S. v. Messier*, No. 3:05-CR-00279, 2007 WL 1821687 (D. Conn. June 25, 2007) – the only cited case directly on point with the facts at issue here.  The *Messier* court assumed that the section could only be applied at sentencing, after observing that none of the researched cases relied on it for post-sentencing modifications.  *Id.* at *1.  However, this reading ignores the textual indicators discussed above.  *United States v. Higham*, No. 95 CR 92-1, 2006 WL 3359430 (N.D. Ill. Nov. 16, 2006), considers the imposition of interest under § 3612(f)(1) at the time of sentencing to have been proper, but does not address whether or not it could be reconsidered at a later date under § 3612(f)(3).

Of greatest relevance is the Seventh Circuit's opinion in *Goode*, 342 F.3d 741.  The *Goode* court references the applicability of § 3612(f)(3) – if only passingly – stating that "the imposition of interest was proper – it is mandatory under 18 U.S.C. § 3612(f)(1) because his fines exceeded $2,500 and were not paid in full within 15 days of the judgment."  The Seventh Circuit then remarks that the Defendant's interest obligation "could not be disturbed because the court made no determination at sentencing under § 3612(f)(3) that he was unable to pay." *Goode*, 342 F.3d at 744.  While the *Goode* court did not analyze this issue in any significant way, it arguably dismissed as unworthy of consideration any claim for waiver of interest under §

3612(f)(3) unconnected to determinations made at sentencing.  Some courts seem to have interpreted *Goode* in this manner, citing it as authority for the proposition that any potential relief from interest pursuant to § 3612 must be conditioned on judicial findings at sentencing. *See, e.g., Baez v. U.S.*, 2007 WL 638198 (D. Conn. Feb. 23, 2007).

However, this Court chooses not to echo other courts' interpretation and adoption of the reference found in *Goode*.  The language regarding § 3612(f)(3) does not address what could or would have happened had there been a post-sentencing determination that the defendant was unable to pay; instead, the entire opinion centers on determinations made at sentencing.  Also, the opinion's most cited language respecting §3612 is arguably dicta.  Prior to its discussion of § 3612, the Seventh Circuit had already validated the district court's decision with respect to the existence of jurisdiction and a determination on the merits pursuant to §3572(d)(3).  The court then transitions to a discussion of §3612 by saying "[m]oreover," suggesting that what comes next is merely supplemental.  The brief discussion of § 3612 that follows contributes nothing to the court's ultimate determination, in that the interest issue is unrelated to the dispositive question of whether Defendant failed to show sufficient evidence of a "material change of economic circumstances" to satisfy § 3572.

Some non-binding opinions and Seventh Circuit dicta notwithstanding, this Court sees no language that precludes post-sentencing reconsideration of interest under the authority of § 3612. We therefore find that, according to the text and its context, the section provides this Court with the authority to waive or reduce the imposition of interest, either at sentencing or after sentencing.

**2.	Analysis**

Defendant claims that he is willing to pay the outstanding interest, but would find it a hardship to do so. He is apparently working in Florida as a truck driver for $10/hour. He supports three children – one of whom lives with him – along with a girlfriend and his girlfriend's son. In addition, he claims to have approximately $12,000 in credit card debt and describes his financial situation as "terrible." His last income tax refund was seized in its entirety for payment of his outstanding obligations to this Court. Evidence supporting these contentions is relatively limited, consisting of a one page financial affidavit signed by the Defendant. In it, Defendant claims: minimal assets; five dependents; a salary of $1500 per month; total monthly expenses of approximately $1525 per month; and outstanding credit card debt of $12,000. This self-reported information tends to corroborate Denfendant's claim that he does not have the means to meet his monthly expenses.

The Government has provided little in response to this argument on the merits. It has challenged the sufficiency of the evidence insofar as Defendant relies on "only his own self-serving, unverifiable statements." However, there is no reason to doubt his sworn affidavit, particularly where Defendant makes no claim to an outright inability to pay. Rather, Defendant seeks only to show that paying the accrued interest would be a hardship on him that would serve little judicial purpose at this time. The Government also assumes that the standard for waiver by the attorney general should be applied to this Court. (*See* Gov't's Br. Opposing at 4 (citing 18 U.S.C. §§ 3572 & 3612(i)).) However, it is completely unclear how this standard has anything to do with this Court's discretion under § 3612(f).

Unfortunately for Defendant, however, § 3612 does not grant this Court unlimited discretion to determine whether interest should be waived. Instead, the section only allows for reconsideration where "the court determines that the defendant does not have the ability to pay interest under this subsection." 18 U.S.C. § 3612(f)(3). Defendant claims that this economic situation is "terrible" and "dire," but does not say that he lacks the ability to pay it. In fact, Defendant expressly states:

> Mr. Perez cannot and does not claim that he has a *complete* inability to pay the interest on his fine. If the government seizes this year's income tax refund, and possibly the year after that and the next, eventually Mr. Perez will finish paying the interest. A question that is being raised is simply, in light of Mr. Perez' dire finances, is that a good idea?

(Def.'s Mem. in Supp. at 8-9 (emphasis in the original).)[2] However, § 3612(f)(3) certainly does not give this Court discretion to second-guess sentencing when it has stopped being a "good idea." Such a broad rationale for reconsideration would undermine the finality that is essential to sentencing, and would improperly expand the court's narrow authority for post-sentencing review. *See Goode*, 342 F.3d at 743. This Court appreciates the difficulty that Perez faces in trying to make ends meet, but does not believe he has shown that his situation is adequately distinct from the plight of any formerly incarcerated individual.

---

[2]Defendant does state in the next paragraph that he hopes this Court will find that his situation "constitutes a practical 'inability to pay' that supports the relief that is being sought here." (Def.'s Mem. in Supp. at 9.) However, the questions that are tied to this request – such as whether or not this Court would rather see the interest paid or his children deprived – still indicate a degree of voluntariness in Defendant's financial decisions that does not amount to an "inability to pay."

3.  **Conclusion**

   For the reasons stated above, Defendant's motion is DENIED.

   Enter:

   /s/ David H. Coar
   _____
   David H. Coar
   United States District Judge

Dated: **July 1, 2008**